UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ANTONIO SHEPHERD,<br><br>Plaintiff,<br><br>v.<br><br>LINDA M. ROBLES, et al.,<br><br>Defendants. | Case No. 1:18-cv-1016-JLT (PC)<br><br>**ORDER FINDING COGNIZABLE CLAIMS AND REQUIRING PLAINTIFF TO FILE A RESPONSE**<br><br>(Doc. 1.)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed a complaint asserting constitutional claims against governmental employees and/or entities. (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

////

////

1

**I.     Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff's claims arose during his brief incarceration at Wasco State Prison in Wasco, California. He names as defendants Correctional Officers Linda M. Robles ("D sec pat #4"), G. Rivera ("R&R #4"), D. Cervantes ("R&R Sergeant"), and R. Gonzales ("R&R #1").

Plaintiff's allegations may be fairly summarized as follows:

On July 26, 2016, plaintiff, who suffers from a variety of medical conditions, including asthma, arrived at Wasco State Prison as a layover pending his transfer to Pelican Bay State Prison. At Wasco, plaintiff was placed in a holding tank with ten other inmates for six hours without access to water. As a result, plaintiff began to experience chest pains and felt dehydrated, nauseated, and

2

dizzy. He and another inmate repeatedly called for medical help.

In response to the numerous cries for help, the defendants came to the holding tank. CO Robles yelled at plaintiff, "youn [sic] ain't shit and ain't going to do shit." At this, plaintiff's chest pains intensified causing him to grasp at his heaving chest. Suddenly, CO Robles doused plaintiff and two other inmates with pepper spray, even as plaintiff was prone out on the ground. Defendants Rivera, Cervantes, and Gonzales witnessed the incident, but failed to intervene. Plaintiff alleges that they then "participated" in the assault, but it is unclear in what manner these defendants participated.

Plaintiff and the two other inmates who were also assaulted were then taken to another cage where they stayed for approximately 25 minutes still covered in pepper spray. Plaintiff continued to experience severe chest pains and burning of the eyes and skin. He screamed for medical care but was told by an unidentified CO that he would receive medical care once one of the other inmates "shuts up and stops banging." Plaintiff was blinded by the pepper spray so he could not see who this CO was. Plaintiff was finally allowed to shower after 30 minutes.

Per plaintiff, each officer knew or should have known that plaintiff was asthmatic in light of institutional policy that inmates' medical files are taken with them during every transportation to each prison so as to determine any life-threatening medical problems. Plaintiff's medical files would have revealed that he was being treated for "sever[e] chronic medical conditions consisting of hypertenision [sic], asthma and chronic migraine headaches."

Attached to the complaint is a document titled "RVR Supplemental," which contains written answers to questions asked by plaintiff of one of the two inmates who was also pepper sprayed by CO Robles. Compl. Ex. D (Doc. 1 at 14.) It appears plaintiff may have been issued a Rules Violation Report ("RVR") related to the incident, and he sought witness statements in support of his innocence. It is unclear, however, what plaintiff was charged with or what the result of the charge was.

Plaintiff brings claims pursuant to the Eighth Amendment and seeks damages and declaratory relief.

///

**III. Discussion**

    **A. Eighth Amendment Excessive Force**

When prison officials use excessive force against prisoners, they violate the inmates' Eighth Amendment right to be free from cruel and unusual punishment." Clement v. Gomez, 298 F.3d 898, 903 (9th Cir. 2002). To establish a claim for the use of excessive force in violation of the Eighth Amendment, a plaintiff must establish that prison officials applied force maliciously and sadistically to cause harm, rather than in a good-faith effort to maintain or restore discipline. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). In making this determination, the court may evaluate (1) the need for application of force, (2) the relationship between that need and the amount of force used, (3) the threat reasonably perceived by the responsible officials, and (4) any efforts made to temper the severity of a forceful response. Id. at 7; see also id. at 9-10 ("The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." (internal quotation marks and citations omitted)).

Plaintiff accuses CO Robles of assaulting him and spraying him with pepper spray without provocation, causing significant pain and exacerbating plaintiff's medical problems. These allegations are sufficient to state a claim against this defendant. The allegations are too vague, however, as to how the remaining defendants "participated" in the assault on plaintiff. The Court thus finds that plaintiff has not adequately asserted an excessive force claim against Rivera, Cervantes, and Gonzales.

There is a lingering issue concerning the RVR charge brought against plaintiff following the incident. Under Heck v. Humphry, 512 U.S. 477, 487 (1994), a plaintiff cannot proceed on a § 1983 claim if success on the claim would imply the invalidity of a criminal conviction. Id. at 487. But it is at least possible that CO Robles could have used excessive force against plaintiff in violation of the Eighth Amendment even if, at some point, plaintiff violated one or more institutional rules. Accordingly, the Heck bar does not apply to this claim.

    **B. Eighth Amendment Failure to Protect**

A prison official may be liable under 42 U.S.C. § 1983 if he is aware that a fellow officer is

violating a prisoner's constitutional rights but fails to intervene. Cunningham v. Gates, 229 F.3d 1271, 1289 (9th Cir. 2000) ("[P]olice officers have a duty to intercede when their fellow officers violate the constitutional rights of a suspect or other citizen."); see also Gaudreault v. Municipality of Salem, 923 F.2d, 203, 207 n.3 (1st Cir. 1990) ("An officer who is present at the scene who fails to take reasonable steps to protect the victim of another officer's use of excessive force can be held liable under section 1983 for his nonfeasance."). The failure to intervene can support an excessive force claim where the bystander-officers had a realistic opportunity to intervene but failed to do so. Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Cunningham, 229 F.3d at 1289; Robins v. Meecham, 60 F.3d 1436, 1442 (9th Cir. 1995).

Plaintiff alleges that Rivera, Cervantes, and Gonzales witnessed CO Robles assault plaintiff, and they failed to intervene even though they had an opportunity to do so. Plaintiff may therefore proceed on his failure-to-protect claim against these defendants. In addition, the Heck discussion supra, is equally applicable to this claim.

**C. Eighth Amendment Medical Indifference**

Though the Eighth Amendment of the United States Constitution entitles plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Wilhelm, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted). In addition, mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 97, 105-06 (1976)). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; Snow, 681 F.3d at 987-88; Wilhelm, 680 F.3d at 1122 ("The deliberate indifference doctrine is limited in scope.").

Plaintiff alleges that each defendant would have been aware of his asthma due to institutional policy requiring that his medical records be transferred with him enroute to a new institution so that staff members could review for emergency medical conditions. He then accuses each of the defendants of denying him medical care when he first sought it because of his severe chest pain and then after plaintiff was pepper sprayed. These allegations state an Eighth Amendment medical indifference claim against Robles, Rivera, Cervantes, and Gonzales.

**IV. Conclusion**

In summary, plaintiff's complaint states a cognizable (1) Eighth Amendment excessive force claim against CO Robles, (2) an Eighth Amendment failure-to-protect claim against Rivera, Cervantes, and Gonzales, and (3) an Eight Amendment medical indifference claim against all defendants. Insofar as plaintiff sought to assert any other claims—for example, an Eighth Amendment excessive force claim against Rivera, Cervantes, and Gonzales—they are not cognizable as pled.

The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-

49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). Under this last option, the Court will issue findings and recommendations to the district judge to dismiss the non-cognizable claims.

If plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claims found to be cognizable, he may file a notice informing the Court that he does not intend to amend, and he is willing to proceed only on his cognizable claims. The undersigned will then recommend that his remaining claims be dismissed.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the

prior or superseded pleading," Local Rule 220.

Accordingly, the Court ORDERS that:

1. The Clerk's Office shall send plaintiff a blank civil rights complaint form;
2. Within 30 days from the date of service of this order, plaintiff must:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or

7

    b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claims found to be cognizable in this order; or

    c. Notify the Court in writing that he wishes to stand on his complaint as written; and

3. If plaintiff fails to comply with this order, the Court will recommend the action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **February 28, 2019**      **/s/ Jennifer L. Thurston**
                       UNITED STATES MAGISTRATE JUDGE